# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GABRIELLE C. STONE,**

**Plaintiff,**

v.

Case No:  **6:16-cv-1457-Orl-18KRS**

**SAFERENT, et. al.,**

**Defendants.**

---

# ORDER

THIS CAUSE comes for consideration on Defendant Grandeville at Avalon Park, LTD's ("Grandeville") Motion for Summary Judgment (the "Motion") (Doc. 101), to which no response was filed.  For the reasons that follow, the Motion will be granted.

## I. BACKGROUND

On December 12, 2012, RealPage allegedly obtained Stone's credit report from Equifax Information Services LLC ("Equifax"), "used or obtained [Stone's] consumer report for an impermissible purpose[,] and did not certify the purpose through a general or specific certification." (Doc. 44 ¶¶ 16, 33.)  Thereafter, on December 27, 2012, AT&T purportedly obtained Stone's credit report from Equifax, "used or obtained [Stone's] consumer report for an impermissible purpose[,] and did not certify the purpose through a general or specific certification." (*Id.* ¶ 34.)  On May 8, 2013, Defendant GE Capital Retail Bank ("GE"), Synchrony,[1] and Renasant supposedly obtained Stone's credit report from Trans Union LLC

---

[1] Although Stone references GE and Synchrony as two separate defendants, Stone does not dispute that Synchrony is formally known as GE. Accordingly, the Court will treat GE and Synchrony as the same entity for purposes of this order.

("Trans Union"), "used or obtained [Stone's] consumer report for an impermissible purpose[,] and did not certify the purpose through a general or specific certification." (*Id.* ¶¶ 18, 35-36.) Stone states that Renasant also obtained Stone's consumer credit report from Trans Union on June 11, 2013 and October 10, 2013, "used or obtained [Stone's] consumer report for an impermissible purpose[,] and did not certify the purpose through a general or specific certification." (*Id.* ¶¶ 37-38.) Further, on November 12, 2013, Stone attests that Defendant Saferent obtained her credit report from Experian Information Solutions, Inc. ("Experian"), "used or obtained [Stone's] consumer report for an impermissible purpose[,] and did not certify the purpose through a general or specific certification." (*Id.* ¶¶ 17, 39.)

Stone alleges that Gulf Coast and Defendant National Credit Systems, Inc. ("National GA") "reported false information about [her] to credit reporting agencies[,] . . . and continued to do so despite numerous disputes . . . that [she] transmitted through the credit reporting agencies." (*Id.* ¶¶ 20, 24.) Purportedly, Gulf Coast and National GA inaccurately reported information related to the amount of Stone's debt, date and status of delinquency, and Stone's dispute of any such debt. (*Id.* ¶¶ 21, 25.) Stone states that Gulf Coast and National GA did not provide her with written notice that they furnished the aforementioned negative information to credit reporting agencies. (*Id.* ¶¶ 22, 26.) Stone attests that Gulf Coast and National GA did not inform the credit reporting agencies that she disputed the alleged debt, and that they failed to properly investigate her disputes. (*Id.* ¶¶ 23, 27.)

On June 4, 2014, Stone "sent a dispute letter to Equifax regarding inaccuracies on her credit report reported by National [GA]." (*Id.* ¶ 28.) On the same date, Stone sent Experian and Trans Union, respectively, "a dispute letter . . . regarding inaccuracies on her credit report reported by Gulf Coast and National [GA]." (*Id.* ¶¶ 29-30.) Stone states that "Equifax, Experian, and [Trans

Union] have refused to delete, correct, place in dispute, and/or print [Stone's] consumer statement for the Gulf Coast and National [GA] accounts." (*Id.* ¶ 31.) Purportedly, Defendant North American Credit Services Inc. ("North American") "sent [Stone] a letter attempting to collect on a nonexistent alleged debt" on or about July 13, 2014. (*Id.* ¶ 40.)

Stone initiated this action on July 12, 2016 in the Circuit Court of the Ninth Judicial District in Orange County, Florida against numerous defendants. (*See* Doc. 2 at 1.) Subsequently, on August 15, 2016, Stone's case was removed to this Court. (*See* Doc. 1 at 1.) On October 31, 2016, Stone filed her three-count First Amended Complaint (Doc. 44) against thirteen (13) named defendants (collectively, the "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), section 559.55, *et seq.*, Florida Statutes. In Count I, Stone claims that Defendants violated the FCRA. (*Id.* ¶¶ 41-46.) In Count II, Stone alleges that North American and Gulf Coast violated the FDCPA. (*Id.* ¶ 47-50.) In Count III, Stone attempts to state a claim against North American and Gulf Coast for violating the FCCPA. (*Id.* ¶¶ 51-54.) Grandeville now moves for summary judgment as to Stone's claims against Grandeville, contained in Count I, pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 101.)

## II. LEGAL STANDARD

A court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or

unnecessary do not. *Id.* "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. *Id.* at 324. If the evidence offered by the non-moving party "is merely colorable, or is not significantly probative," the Court may grant summary judgment. *Anderson*, 477 U.S. at 249-50. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case "with respect to which [the party] has the burden of proof." *Celotex*, 477 U.S. at 323.

## IV. ANALYSIS

Stone alleges that Grandeville violated § 1681b(f) of the FCRA "by willfully using false pretenses or knowingly without a permissible purpose to obtain [Stone's] consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined by §1681b." (Doc. 44 ¶ 46.) As set forth in section 1681b(f):

> A person shall not use or obtain a consumer report for any purpose unless[:] (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f). Under the FCRA, "[w]illful violations include both knowing and reckless violations." *Lee v. SecurityCheck, LLC*, No. 3:09-cv-421-J-12TEM, 2010 WL 3075673, at *12 (M.D. Fla. Aug. 5, 2010) (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 59-60 (2007)). Allegations that a defendant violated the FCRA by obtaining plaintiff's consumer credit report without a permissible purpose "cannot be conclusory and must include specific facts as to a defendant's mental state when the report was accessed." *Helman v. Udren Law Offices, P.C.*, 85 F. Supp. 3d 1319, 1331-32 (S.D. Fla. 2014). Further, "in order to establish a willful violation of the FCRA, a consumer must prove either a knowing violation or that the alleged violator acted in accordance with an objectively unreasonable reading of the FCRA and with an unjustifiably high risk of violating the FCRA." *Lee*, 2010 WL 3075673, at *12 (citing *Safeco*, 551 U.S. at 70) (in order to establish willful noncompliance with the FCRA for purposes of statutory and punitive damages, plaintiff must prove that defendant acted in a deliberate and purposeful manner in conscious disregard for plaintiff's rights).

On May 15, 2017, Grandeville served Stone with Requests for Admission, and Stone failed to timely respond to the Requests for Admission. (*See* Doc. 101-2; Doc. 101-3.) Pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, requests for admission that are not timely answered are deemed admitted. Fed. R. Civ. P. 36(a)(3). Amongst other facts deemed admitted due to her failure to timely respond to the Request for Admissions, Stone admits that she has not suffered damages as the result of Grandeville's purported FCRA violations. (Doc. 101-2 at 5.) In fact, Stone admits that, "Grandeville did not violate the Fair Credit Reporting Act or any other laws in its handling of [Stone's] lease and balance owed." (*Id.* at 6.) Stone fails to provide evidence to support her conclusory claims that Grandeville used "false pretenses" or "false representations" or sought to obtain Stone's consumer credit report "without a permissible

purpose." Stone further fails to satisfy her burden of proving actual damages. *See Nagle v. Experian Info. Sols., Inc.*, 297 F.3d 1305, 1307 (11th Cir. 2002) (referencing prior Eleventh Circuit case that noted "failure to produce evidence of damages resulting from a FCRA violation mandates summary judgment"). There is no genuine issue of material fact precluding summary judgment in Grandeville's favor, and Stone's claims that Grandeville violated the FCRA fail as a matter of law. Accordingly, summary judgment in favor of Grandeville is appropriate.

## V. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** and **ADJUDGED** that Defendant Grandeville at Avalon Park, LTD's Motion for Summary Judgment (Doc. 101) is **GRANTED**. Plaintiff Gabrielle Stone's claims against Defendant Grandeville at Avalon Park, LTD set forth in her First Amended Complaint (Doc. 44) are **DISMISSED**. The Clerk of Court is directed to **ENTER JUDGMENT accordingly** in favor of Defendant Grandeville at Avalon Park LTD and against Plaintiff Gabrielle Stone.

**DONE** and **ORDERED** in Orlando, Florida on this __27__ day of September, 2017.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties